UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ )<br>  )<br>**BRYAN HARRIS,** )<br>     Plaintiff )<br>     v. )<br>  )<br>**LIFE INSURANCE COMPANY OF** )<br>**NORTH AMERICA,** )<br>     Defendant )<br>_____) | CIVIL ACTION NO. |

## COMPLAINT

The Plaintiff, BRYAN HARRIS (hereinafter "HARRIS" or "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "LINA") and alleges:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., (ERISA) and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132(f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. HARRIS brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. HARRIS was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINA is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and is transacting business in the

1

Commonwealth of Massachusetts and can be found in the Commonwealth of Massachusetts.

4. Venue is proper in this District Court under 29 USC 1132 (e)(2), in that the defendant, LINA, is authorized to and is doing business within the Commonwealth of Massachusetts.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION
OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND
ATTORNEYS' FEES AND COSTS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to HARRIS by LINA.

6. HARRIS was at all relevant times an employee of Accenture LLP.

7. HARRIS was at all times material a plan participant under the Accenture LLP Long Term Disability Plan, Group Policy Number VDT-098011 (the "LTD Plan") which is established by Accenture LLP and pursuant to which HARRIS is entitled to benefits. A true and correct copy of the LTD Plan has been attached hereto as **Exhibit "A."**

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINA is the insurer of benefits under the LTD Plan and was appointed by Accenture LLP the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, LINA administered the claim with a conflict of interest and the bias created by this conflict affected LINA's

claims determination. As such, LINA is not entitled to a deferential standard of review.

11. LINA is the Fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made on HARRIS'S claim.

12. Pursuant to the terms and conditions of the LTD Plan, HARRIS is entitled to LTD benefits for the duration of his disability, for so long as he remains disabled as required under the terms of the LTD Plan.

13. The LTD Plan states, in relevant part, as follows:

> **Definition of Disability/Disabled**
> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. unable to perform the material duties of his or her Regular Occupation; and
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
> 2. unable to earn 80% or more of his or her Indexed Earnings.

14. At all relevant times, HARRIS has complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

15. Since approximately November 6, 2019, HARRIS has been disabled under the terms of the LTD Plan.

16. Since approximately November 6, 2019 due to his disability, HARRIS has been unable, solely because of Injury or Sickness, to perform any or all of the material and substantial duties of his regular occupation.

17. Since approximately November 6, 2019 due to his disability, HARRIS has been unable to perform the material and substantial duties of any occupation for which he is or may reasonably become qualified based on education, training or experience.

18. At all relevant times, HARRIS was an eligible employee insured under the LTD Plan.

19. Shortly after becoming disabled under the terms of the plan, HARRIS made a claim to LINA for disability benefits, which LINA initially denied in a letter dated June 25, 2020.

20. HARRIS timely and properly appealed LINA's adverse determination.

21. In a letter April 20, 2021, LINA upheld its prior determination to deny continued LTD benefits.

22. From May 5, 2020 to the present date, HARRIS has not received benefits owed to him under the LTD Plan, despite HARRIS'S right to these benefits.

23. LINA has refused to pay HARRIS LTD benefits since May 5, 2020.

24. At all relevant times, LINA was the payer of benefits.

25. At all relevant times, LINA was the "Insurance Company" identified throughout the LTD Plan.

26. At all relevant times, LINA was appointed by Accenture LLP, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

27. At all relevant times, HARRIS has been and remains "Disabled" as defined by the LTD Plan and entitled to LTD benefits from LINA under the terms of the LTD Plan.

28. Pursuant to 29 U.S.C. §1132(a)(1)(B), HARRIS, as an eligible participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

29. HARRIS has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of LINA's failure to pay his disability benefits.

30. HARRIS has exhausted all administrative remedies under the LTD Plan.

31. LINA breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to HARRIS at a time when LINA knew, or should have known, that HARRIS was entitled to those benefits under the terms of the LTD Plan, as HARRIS was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of HARRIS'S claim for LTD benefits;

    (c) After HARRIS'S claim was terminated in whole or in part, LINA failed to adequately describe to HARRIS any additional material or information necessary for HARRIS to perfect his claim along with an explanation of why such material is or was necessary.

    (d) LINA failed to properly and adequately investigate the merits of HARRIS'S disability claim and failed to provide a full and fair review of HARRIS'S claim.

32. HARRIS believes and thereon alleges that LINA wrongfully terminated his claim for disability benefits under the LTD Plan by other acts or omissions of which HARRIS is presently unaware, but which may be discovered in this future litigation and which HARRIS will immediately make LINA aware of once said acts or omissions are discovered by HARRIS.

33. Following the termination of benefits under the LTD Plan, HARRIS exhausted all administrative remedies required under ERISA, and HARRIS has performed all duties and obligations on his part to be performed under the LTD Plan.

34. As a proximate result of the aforementioned wrongful conduct of LINA, HARRIS has damages for loss of disability benefits in a total sum to be shown at the time of trial.

35. As a further direct and proximate result of this improper determination regarding HARRIS'S claim for benefits, HARRIS, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), HARRIS is entitled to have such fees and costs paid by LINA.

36. The wrongful conduct of LINA has created uncertainty where none should exist; therefore, HARRIS is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, BRYAN HARRIS prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: August 30, 2021

**ATTORNEYS DELL AND SCHAEFER, CHARTERED**
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Telephone: (954) 620-8300

*S/ Jay P. Symonds*

JAY P. SYMONDS, ESQUIRE
BBO No: 637972
Email: jay@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
BBO No: 677565
Email: gdell@diattorney.com